**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Oliver, ) | No. CV-06-2429-PCT-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Mr. Chris Long, ) Ms. Sandra Wagner, ) | |
| Defendants. ) | |

This matter arises upon all parties' express consent in writing to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (docket # 8, # 17 and # 22)

Pending for the Court's consideration is Defendant Long's Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6), FED.R.CIV.P., filed on January 3, 2007. (docket # 12) This dispositive motion is fully briefed and ready for ruling. On February 13, 2007, Defendant Wagner filed her Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). (docket # 21) The time to file a response and reply, if any, has not expired.

In the exercise of the Court's wide discretion to efficiently manage his judicial calendar in the administration of justice, the Court hereby defers, consistent with Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."), the requirement that the parties comply with Rule 26(f) and set a Rule 16 scheduling conference until after the Court rules

on the pending dispositive motions. The Court will rule on both motions at the same time after Defendant Wagner's Motion is fully briefed.

The *pro se* Plaintiff is hereby warned that Defendants' Motions to Dismiss seek to have his case dismissed for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, will, if granted, end this litigation. During the pendency of this case, Plaintiff must understand the role of the federal trial judge in the resolution of civil disputes and the administration of justice. The United States Supreme Court has made it clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine district judges' [or magistrate judges'] role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225 (2004).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)  Nevertheless, even as lawyers must, *pro se* litigants must become familiar, and comply, with the Rules of Civil Procedure and the Local Rules of Practice for the District Court for the District of Arizona ("LRCiv"). *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *King v. Atiyeh*, 814 F.2d 56, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")  Especially important in responding to dispositive motions are the following provisions of LRCiv 7.2:

> (e) **Length of Motions and Memoranda.** Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.  Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.
>
> \*     \*     \*     \*     \*     \*     \*
>
> (i) **Briefs or Memoranda of Law; Effect of Non-Compliance.**  If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

- 2 -

1 | LRCiv 7.2(e) and (i).

2 | All parties, whether represented by counsel or not, must timely respond to all
3 | motions.  The Court may, in its discretion, treat a *pro se* Plaintiff's failure to respond to
4 | Defendants' Motions to Dismiss, or either one of them, as Plaintiff's consent to the granting
5 | of that Motion without further notice, and judgment may be entered dismissing this action
6 | with prejudice pursuant to LRCiv 7.2(i). *Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (per
7 | curiam); *Ghazali v. Moran*, 46 F.3d 52 (9th Cir.1995) (per curiam).

8 | **IT IS ORDERED** that Plaintiff shall file a response to Defendant Wagner's
9 | Motion to Dismiss no later than **5:00 p.m. on Monday, March 19, 2007**.

10 | **IT IS FURTHER ORDERED** that Defendant Wagner may file a reply within
11 | 15 days after service of Plaintiff's response or no later than **5:00 p.m. on Tuesday,**
12 | **April 3, 2007**, whichever is later.

13 | Defendants' Motions to Dismiss will be deemed ready for decision without
14 | oral argument on the day following the date set for filing a reply unless otherwise ordered
15 | by the Court.

16 | **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
17 | shall hereinafter comply with the Rules of Practice for the United States District Court for
18 | the District of Arizona, as amended on December 1, 2006.   The District's Rules of Practice
19 | may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other
20 | rules may be found as www.uscourts.gov/rules/.  The fact that a party is acting *pro se* does
21 | not discharge this party's duties to "abide by the rules of the court in which he litigates."
22 | *Carter*, 784 F.2d at 1008.

23 | On the Court's own motion,

24 | **IT IS FURTHER ORDERED** that Plaintiff's Objection to Reply (docket #
25 | 20) is deemed to be a Surreply and Plaintiff's pleading entitled Amendum (sic) to Objection
26 | to Deny Motion to Dismiss (docket # 25) is deemed to be a Supplemental Memorandum of
27 | Law. Surreplies and supplemental pleadings or briefs are not authorized by Rule 7,

28 |

1  F ED .R.C IV .P., any other Rule of Procedure, or the Local Rules without the express prior
2  leave of the Court. Prior leave of the Court to file Plaintiff's Surreply and Supplemental
3  Memorandum have not been granted by the Court. Both are hereby **DENIED** and
4  **STRICKEN**.

5  **IT IS FURTHER ORDERED** that Defendant Wagner's Motion to Strike etc.
6  (docket # 24) is **DENIED** as moot.

7  Dated this 23rd day of February, 2007.

Lawrence O. Anderson
United States Magistrate Judge