**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James Oliver,           ) | No. CV-06-2429-PCT-LOA |
|                         ) |  |
| Plaintiff,              ) | **ORDER** |
|                         ) |  |
| vs.                     ) |  |
|                         ) |  |
| Mr. Chris Long,         ) |  |
| Ms. Sandra Wagner,      ) |  |
|                         ) |  |
| Defendants.             ) |  |
|                         ) |  |

      This matter arises on Defendant Sandra Wagner's and Defendant Chris Long's Motions to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6), FED.R.CIV.P., filed on January 3, 2007 and February 13, 2007, respectively. (docket # 12 and # 21)  Each Defendant alleges that they have absolute immunity from lawsuits for acts committed in their official capacity as judicial officers and immunity under the Eleventh Amendment of the U.S. Constitution.  All parties have expressly consented in writing to magistrate judge jurisdiction pursuant to Title 28 U.S.C. § 636(c)(1).  (docket # 8, # 17 and # 22)

      Defendants' requests for oral argument are denied as it would not aid the Court's decisional process. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir.1999). After review of the subject motions, Plaintiff's Responses in opposition thereto and Defendant Wagner's Reply, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted against each Defendant and, therefore, the subject motions will be granted.

## I. BACKGROUND

On October 12, 2006, Plaintiff filed the pending action alleging violations of his constitutional rights. (docket # 1)  Viewing it with liberality in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ("*pro se* pleadings are held to less stringent standards than those prepared by attorneys"), the *pro se* Complaint, entitled a Violation of Oath of Office, seeks "to recover damages [for] a violation of [Plaintiff's] Constitutional and Civil rights by two Magistrates of the STATE OF ARIZONA." (*Id*. at 1)   Defendants are two municipal magistrates, likely employed by the Arizona Town of Thatcher and the City of Flagstaff, who adjudicated traffic citations given to Plaintiff while he was operating a motor vehicle within their Town and City.[1]  The Complaint alleges that "[t]his case is about due process of law and not the use or requirement of a 'driver's license.'" (*Id*.) (emphasis omitted)  It references Title 42 U.S.C. §§ 1983, 1985 and 1986 and attaches the following exhibits: (1) Plaintiff's *pro se* June 14, 2004 Administrative Notice to the Director of the California Department of Motor Vehicles ("DMV") informing him, *inter alia*, of Plaintiff's unilateral

---

[1] The pleadings are not clear as to the nature of the Plaintiff's traffic violations. The Complaint often refers to Plaintiff's driver's license. Arizona Revised Statute ("A.R.S.") § 28-3169(A), formerly A.R.S. § 28-423, requires that licensees have their licenses in their immediate possession when operating a motor vehicle and that a licensee produce the license when requested to do so by an officer. A.R.S. § 28-1595(B) provides that if an operator fails or refuses to exhibit an operator's driver license as required by § 28-3169 or if a driver who is not licensed and who fails or refuses to provide certain evidence of the driver's identity on request is guilty of a class 2 misdemeanor.

Defendant Wagner indicates that the civil traffic citation issued to Plaintiff was for lack of current vehicle registration in the vehicle. (docket # 21 at 2, 5)  A.R.S § 28-2153(A) provides that "[a] person shall not operate . . . on a highway a motor vehicle . . . unless the motor vehicle . . . has been registered with the department for the current registration year or is properly registered for the current registration year by the state or country of which the owner or lessee is a resident."). Proof of such registration must be carried in the vehicle. A.R.S. § 28-2158(C).

Traffic violators may be punished or assessed a civil sanction pursuant to A.R.S. § 28-121; *Taylor v. Sherrill*, 169 Ariz. 335, 819 P.2d 921 (Ariz. 1991).

1  "cancellation of any and all contracts and invisible attachments with DMV - STATE OF
2  CALIFORNIA and the said contract is now, NUNC PRO TUNC, NULLIFIED - VOID"; (2)
3  a copy of the June 23, 2004 letter to Plaintiff from B.B. Jones, a California DMV employee,
4  advising Plaintiff that notwithstanding his cancellation of his driver's license and vehicle
5  registration, Plaintiff is "not reliev[ed] of [his] responsibilities under the law as a vehicle
6  owner or driver."; (3) a copy of Plaintiff's "Judicial Notice" about which Plaintiff refers in
7  his Complaint; and (4) various California, Idaho and Montana traffic laws. (*Id.*; Exhibits
8  attached thereto)

9  Regarding specific allegations of misconduct against the two Defendants, Plaintiff
10 complains that they "refused to let me speak to the matter of why I canceled all attachments
11 to my rights and property." (*Id.* at 1-2 ) Plaintiff asserts that the judicial officers also "acted
12 the part of a predetermined result," "did not want to listen to me [and] refused to read the
13 Judicial Notice I presented to each of them . . . ." (*Id.* at 2) "Both Magistrates were indignant
14 to any **facts**," and "interrupted me on almost every point of law I was stating, and refused to
15 let me continue with legal points they seemed to detest." (*Id.*) (emphasis in original) Plaintiff
16 also claims he is a "homeless person" and could not afford to file an appeal of the traffic
17 rulings and that he "asked a court clerk to waive the transcript fee" but he was denied.[2] (*Id.*
18 at 2-3) Plaintiff infers that he is above all traffic laws because he claims "I am not part of the
19 'driver's license compact' used in 47 of the 50 States of the United States of America."

20 Each Defendant claims absolute immunity from suit pursuant to judicial immunity
21 case law and the Eleventh Amendment of the U.S. Constitution. (docket # 12 at 2; docket #
22 21 at 3) Defendants allege an entitlement to judicial immunity because any alleged
23 malfeasance or misfeasance were "judicial acts" that were not committed in the "clear
24 absence of all jurisdiction," citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978), *Franceschi*

---

[2] No allegation is raised that either, or both, of the Defendants refused a formal request for *in forma pauperis* status to appeal either of their judicial decisions. Therefore, the Court will not address claims not raised in the Complaint.

1 *v. Schwartz*, 57 F.3d 828 (9th Cir.1995), and other legal authority.[3] (docket # 21 at 3; docket
2 12 at 3)

3       Plaintiff's Response to Defendant Long's Motion initially cites the Eleventh
4 Amendment and then continues his erroneous belief that he is not subject to state traffic laws
5 because he is "not under contract to any Motor Vehicles (sic) Department" which "use equity
6 law against the people that violates the constitutional rights of the people." (docket # 14 at
7 2) "I canceled all contracts and invisible attachments to my rights and property with the
8 CALIFORNIA DMV." (*Id.*) Plaintiff distinguishes *Franceschi*, *supra*, on the ground that
9 "Mr. Franceschi had a suspended license under the contract law and was still subject to the
10 terms of the contract. [M]y situation is 180 degrees opposite the cited case. I have NO
11 Cont[r]act and told the officers citing me and the magistrates that would not listen to me."
12 (*Id.*)

13       Responding to Defendant Wagner's Motion in a pleading entitled Objection to
14 Motion to Dismiss and SCt Opinion on Judicial Immunity, Plaintiff offers similar arguments
15 that he made in his other written response. He states, "I tried to warn the Judges that there
16 was no contract I was part of, as that Driver's license is a contract/compact that strips citizens
17 of Constitutional rights." (docket # 27 at 1) "The magistrates kept telling me to 'stay on
18 point', or 'you lost me on that'. I made statements of 'no laws of general application' and 'I am
19 not part of the contract' (CAL DMV §15000, AZ MV §28 ARS 1852 et seq. and 45 other
20 STATES)." (*Id.*) He alleges "[t]he magistrates made no comment to my statements and did
21 not allow me to explain my cancellation of contract with CALIFORNIA. Arizona and 46

---

[3] The Court will not address the merits of Defendants' Eleventh Amendment defense because they have failed to comply with Rule 56, FED.R.CIV.P., and LRCiv 56.1 by providing to the Court admissible evidence that the Defendants or their employers, which are not defendants in this lawsuit, are "arm[s] of the state" under Arizona law. *Franceschi*, 57 F.3d at 831; *County of Sonoma v. Workers' Compensation Appeals Board*, 222 Cal.App.3d 1133, 1136-37, 272 Cal.Rptr. 297, 298 (Cal.Ct.App.1990) ( municipal courts are part of the California "hierarchical system of State courts").

- 4 -

other States have affiliated into one big zone of rights violation." Plaintiff's arguments were meritless and frivolous when made in the two Arizona municpal courts and they are meritless and frivolous here.

## II.  LEGAL STANDARD

In a motion to dismiss for failure to state a claim under FED.R.CIV.P. 12(b)(6), the district court considers the legal sufficiency of Plaintiff's claims.  A complaint should not be dismissed unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997)(citing *Parks School of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  Dismissal for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistren v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  In a Rule 12(b)(6) motion to dismiss "all factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citation and internal quotation marks omitted). The district court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992)(quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.*, 674 F.Supp. 782, 785 (C.D. Cal. 1986)). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

///

///

///

## III. CONSTITUTIONAL CLAIMS

- 5 -

Plaintiff brings this lawsuit pursuant to Title 42 U.S.C. § 1983, § 1985(3)[4] and § 1986[5], alleging violations of his constitutional and civil rights. (docket # 1 at 5-6) By their terms, these statutes do not create any substantive rights. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 616-18 (1979); *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372 (1979). Rather, they provide vehicles for vindicating federal rights conferred elsewhere. *Alright v. Oliver*, 510 U.S. 266 (1994). Section 1983 allows individuals to recover damages for deprivations of constitutional rights that occur under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). To state a claim under § 1983, a plaintiff must allege a violation of "any rights [] secured by the Constitution or laws" of the United States and must show that the alleged deprivation was committed by persons acting under the color of state law. Title 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42 (1988). The Complaint herein does not allege violations of any specific federal constitutional amendment but it contends that "[t]his case is about due process of law." (docket # 1 at 1)

Under the Due Process Clause of the Fourteenth Amendment, a state shall not

---

[4] Section 1985(3) prohibits two or more persons from conspiring to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ...." Title 42 U.S.C. § 1985(3).

[5] Section 1986 provides that:
> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

Title 42 U.S.C. § 1986. To bring a § 1986 claim, plaintiff must first show a conspiracy in violation of § 1985(3). *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir.1994); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir.1990).

"deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court interprets this clause to provide both procedural and substantive due process protections. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Violations of either procedural or substantive due process provide the basis of a § 1983 suit. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir.1994) (en banc), *cert denied*, 513 U.S. 1110 (1995).

Procedural due process generally requires a state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005); *Thompson v. Ashe*, 250 F.3d 399, 407 (6th Cir. 2001) ("Courts have long recognized that the Fourteenth Amendment requires that an individual who is deprived of an interest in liberty or property be given notice and a hearing."). A procedural due process claim requires a two-part inquiry: whether the plaintiff was deprived of a protected interest and if so, whether he received the process that was due. *Jordan v. Lake Oswego*, 734 F.2d 1374 (9th Cir.1984); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir.1997); *Kritenbrink v. Crawford*, 457 F.Supp.2d 1139, 1145 (D. Nev. 2006). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Neal*, 131 F.3d at 827(citations omitted).

A driver's license is a property interest protected by the Fourteenth Amendment's due process clause. *Stoianoff v. Commissioner of Motor Vehicles*, 107 F.Supp.2d 439, 448 (S.D.N.Y. 2000) (citing *Bell v. Burson*, 402 U.S. 535 (1971)). In *Bell v. Burson*, the Supreme Court accorded due process protection to a state driver's license, observing that "[o]nce licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood." However, "the deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon*, 494 U.S. at 125. Another district court found that to have a protected property

1 right, an individual must have a legitimate claim of entitlement to the property interest; he
2 cannot merely have a unilateral expectation of this right. In *North Carolina ex rel. Kasler v.*
3 *Howard*, 323 F.Supp.2d 675, 680-681 (W.D.N.C.2003), *affirmed by*, 78 Fed. Appx. 231 (4th
4 Cir. 2003) stated:

> In this case, Petitioners do not have a legitimate claim of entitlement to a drivers license. "A license to operate a motor vehicle is not a natural or unrestricted right, nor is it a contract or property right in the constitutional sense. It is a conditional privilege, and the General Assembly has full authority to prescribe the conditions upon which licenses may be issued and revoked." *Joyner v. Garrett*, 279 N.C. 226, 235, 182 S.E.2d 553, 559 (1971) (emphasis added). Therefore, Petitioners cannot maintain a claim that Respondent violated their due process rights by depriving them of property or liberty.

*Id.* (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

## IV. JUDICIAL IMMUNITY

All judges, including city magistrates, are absolutely immune from § 1983 suits for damages due to their judicial acts except when they are taken "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-357 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  To determine whether specific acts are entitled to absolute immunity because they are judicial acts, the district court must consider:

(1) Whether the act is a function normally performed by a judge; and

(2) Whether the act is within the expectations of the parties dealing with the defendant in the capacity of a judge.

*Stump*, 435 U.S. at 362; *Ashelman*, 793 F.2d at 1075-76; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  The Court must construe these factors "generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman*, 793 F.2d at 1076. Judicial immunity is recognized because "judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), "from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).

Judges enjoy absolute immunity even when their actions are erroneous,

- 8 -

1  malicious, in excess of judicial authority, *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)
2  (citing *Stump*, 435 U.S. at 356-57); *Peirson*, 386 U.S. at 553-54, or for making grave errors
3  of law or procedure. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).
4  Impatience, however unpleasant, occasional judicial shortness with an attorney or litigant,
5  even in the presence of the jury, does not warrant a new trial, much less subject the judge to
6  § 1983 liability. *United States v. Conway*, 53 Fed. Appx. 872 (10th Cir. 2002) (quoting *Liteky
7  v. United States*, 510 U.S. 540, 555-56 (1994) ("[a] judge's ordinary efforts at courtroom
8  administration-even a stern and short-tempered judge's ordinary efforts at courtroom
9  administration-remain immune.")); *Ammons v. Baldwin*, 705 F.2d 1445, 1446-48 (11th Cir.
10 1983) (judge entitled to immunity from a claim that he verbally abused and humiliated
11 plaintiff); *Tanner v. Heise*, 879 F.2d 572, 577-78 (9th Cir. 1989).

12        Regardless of the judge's status in the judicial hierarchy, a judge has absolute
13 immunity for acts performed in the judge's official capacity. *O'Neill v. City of Lake Oswego*,
14 642 F.2d 367 (9th Cir. 1981) (*pro tem* municipal judge); *Tanner*, 879 F.2d at 577-78
15 (municipal magistrate); *Brewer v. Blackwell*, 692 F.2d 387, 396 (11th Cir. 1982) (justice of
16 the peace).

17        Judicial "immunity is overcome in only two sets of circumstances. First, a
18 judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's
19 judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken
20 in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)
21 (citations omitted). *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir.), *cert. denied*, 126
22 S.Ct. 2864 (2006); *Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir.1974) (judge was not
23 entitled to immunity for using physical force to remove from the courtroom a person who
24 refused to leave voluntarily).

## V. ANALYSIS

Defendants are entitled to absolute immunity from Plaintiff's lawsuit.

- 9 -

Considering the factors generously in favor of Defendants in light of the policies underlying judicial immunity, it is clear and undisputed that the Defendant magistrates were acting in their official judicial capacity in summarily rejecting Plaintiff's frivolous arguments that by unilaterally "cancel[ing] all contracts and invisible attachments" to California's Department of Motor Vehicles Plaintiff is entitled to violate Arizona's traffic laws with impunity.  This "defense" to the state traffic citations was specious and nonsensical. Defendants' denials of Plaintiff's arguments during his municipal trials or Defendants' giving little weight or no consideration to Plaintiff's meritless pleading entitled Judicial Notice, which fails to cite one Arizona case, were normal judicial functions. Judges accept or reject legal arguments in their roles as decision-makers. The undisputed location of each magistrate's actions or inactions was each magistrate's courtroom. The findings of criminal guilt or civil responsibility were the direct result of each magistrate acting in his official judicial capacity and were within the expectations of any reasonable traffic-court litigant.

        Each Defendant had subject matter jurisdiction to adjudicate Plaintiff's traffic violations. In Arizona, "[t]he jurisdiction of justice of the peace courts and courts inferior to the superior court is as provided by law." *Bruce v. State*, 126 Ariz. 271, 272, 614 P.2d 813, 814 (1980) (citing Arizona Constitution Art. 6, § 32, A.R.S. §§ 22-301 and 22-402(B)). The statutes are clear and straightforward that municipal courts have jurisdiction to adjudicate lower-level crimes committed within their city or town. A.R.S. § 22-402 provides in relevant part:

> A. In each city or town incorporated under the general laws of this state, there shall be a municipal court.
>
> B. <u>Every court</u> established pursuant to subsection A, and <u>every court established in a city</u> incorporated under the provisions of [A.R.S §-281] or incorporated under the provisions of a special act or charter, <u>has jurisdiction</u> of all cases arising under the ordinances of the city or town, and has jurisdiction concurrently with justices of the peace of precincts in which the city or town is located, <u>of violations of laws of the state committed within the limits of the city or town</u>.

A.R.S. § 22-402(A) and (B) (emphasis added). This statute expressly grants Arizona municipal courts concurrent jurisdiction with justices of the peace to adjudicate violations

1 of certain state laws committed within the city's or town's limits. *State ex rel. Baumert v.*
2 *Municipal Court of Phoenix*, 124 Ariz. 543, 545, 606 P.2d 33, 35 (Az. App. Ct.1979);
3 *Calloway v. City Court of City of Tucson*, 129 Ariz. 456, 632 P.2d 266 (Az. App. Ct.1981).
4 Moreover, A.R.S. § 22-202(E) expressly authorizes justice courts, and therefore municipal
5 courts, to adjudicate civil traffic violations. A.R.S. § 22-202(E) ("Actions filed in justice
6 court against persons alleged to have committed civil traffic violations shall be brought in
7 any precinct in which the violation is alleged to have occurred.")  Regardless of whether
8 Plaintiff was cited for civil or criminal misdemeanor traffic violations, Defendants had
9 jurisdiction to adjudicate Plaintiff's failure to possess a valid driver's license and/or failure
10 to possess current motor vehicle registration while operating a motor vehicle within their
11 Town or City. A.R.S. §§ 28-1595(B) and 2158(C).

12 Taking as true and construing the Complaint's allegations in the light most
13 favorable to Plaintiff, *Lee v. City of Los Angeles*, *supra*, Defendants are entitled to absolute
14 immunity. The fact that the Defendants may have been "indignant" to Plainitff, rude or
15 impatient by "interrupting" Plaintiff during his arguments, and "refused to read" Plaintiff's
16 frivolous pleading are not grounds for waiver of judicial immunity. *Ammons v. Baldwin*,
17 supra; *United States v. Conway*, *supra*.  While Judicial Canon 3(B)(4) requires a judge to "be
18 patient, dignified and courteous to litigants . . . with whom the judge deals in an official
19 capacity," Arizona Code of Judicial Conduct, 17A, A.R.S. Sup.Ct. Rules, the failure to do
20 so is not a waiver of absolute judicial immunity.  *In re Charge of Judicial Misconduct*, 62
21 F.3d 320 (9th Cir.1995) (failing to allow attorney to present rebuttal was not interference
22 with effective and expeditious administration of business of courts).

### VI. RULE 11 AND OTHER SANCTIONS

24 Even though *pro se* litigants do not have the same training as an attorney and
25 federal courts generally accord *pro se* litigants some measure of latitude, the Court finds that
26 this lawsuit was, at least, frivolous. When Plaintiff attempted to "cancel his contracts and
27 invisible attachments" with California DMV in 2004, Plaintiff received written notice by B.

28

- 11 -

1  B. Jones' letter that such unilateral action was ineffective to relieve him of his legal
2  responsibilities. "Whether your [driver's license] or vehicle registration are valid or cancelled
3  or expired will not result in the removal of your name from department records, and <u>will not</u>
4  <u>relieve you of your responsibilities under the law as a vehicle owner or driver</u>." (docket # 1;
5  2nd Exhibit at 1) (emphasis added).

6  Under Federal Rule of Civil Procedure 11, a party filing a pleading must certify
7  that to the best of his or her knowledge, information, and belief, formed after an inquiry
8  reasonable under the circumstances, the pleading is not being presented for any improper
9  purpose, such as to harass or to cause unnecessary delay or needless litigation costs, and that
10 the claims, defenses, and other legal contentions are warranted by existing law or by a
11 nonfrivolous argument for the extension, modification, or reversal of existing law.
12 Fed.R.Civ.P. 11(b)(1)-(2). "[Rule] 11 provides for the imposition of sanctions when a filing
13 is frivolous, legally unreasonable, or without factual foundation, or is brought for an
14 improper purpose." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir.1996);
15 Rule 11(c). It applies to lawyers as well as *pro se* litigants. *Ryder v. Elliot*, 127 Fed. Appx.
16 960 (9th Cir. 2005).

17 Sanctions may also be imposed on *pro se* litigants where there is evidence of
18 bad faith due to multiple proceedings which are unreasonable and vexatious. *Wages v.*
19 *Internal Revenue Service*, 915 F.2d 1230, 1235-36 (9th Cir.1990); *Stone v. Baum*, 409
20 F.Supp.2d 1164, 1171 (D. Ariz. 2005).  "IFP litigants, proceeding at the expense of
21 taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can
22 afford to pay their own fees and costs." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th
23 Cir.1994). Federal courts also possess inherent power to impose sanctions, "when the losing
24 party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Aloe Vera of*
25 *America, Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004); *Patton v. County of*
26 *Kings*, 857 F.2d 1379, 1381 (9th Cir.1988).

27 The Court will not *sua sponte* impose sanctions or award attorneys' fees against
28

Plaintiff. If either Defendant elects to seek monetary sanctions or an award of reasonable attorneys' fees against the allegedly "homeless" Plaintiff, either shall timely file a motion or any such award will be deemed waived by the Court.

**IT IS ORDERED** that Defendant Wagner's and Defendant Long's Motions to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) are **GRANTED**. (docket # 12 and # 21)  The Clerk is directed to enter Judgment against Plaintiff and in favor of Defendants.[6]  Leave to amend is not granted because Plaintiff's claims can not be saved by amendment.

**IT IS FURTHER ORDERED** that if either or both Defendants elect to seek monetary sanctions or awards of reasonable attorneys' fees against Plaintiff, either or both shall file a motion for such award **within 15 days** of the entry of Judgment or any such sanction or award will be deemed waived by the Court.

Dated this 11th day of April, 2007.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[6] This federal court also likely does have subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. *Normandeau v. City of Phoenix*, 2005 WL 3940043, *5 (D. Ariz. 2005). "Disappointed state court litigants sometimes attempt to overturn state court rulings in federal court § 1983 actions." *Id*; (citation omitted) "This endeavor is frequently doomed to failure." *Id.* Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction to conduct appellate review of state court proceedings.