WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Oliver,<br><br>          Plaintiff,<br><br>vs.<br><br>Mr. Chris Long,<br>Ms. Sandra Wagner,<br><br>          Defendants. | No. CV-06-2429-PCT-LOA<br><br>**ORDER** |

The Court has received an unfiled personal letter from the *pro se* Plaintiff, dated "07-17-2007," accompanied by a CD, and an unfiled pleading-appearing document, dated April 27, 2007, containing the caption of the case and the statements "**Did you understand? Why was case denied?**" to the right of the caption. (emphasis in original)  The Court will deem the pleading-appearing document to be a motion for reconsideration of the Court's April 12, 2007 Order dismissing this case.

Except for this Order, the letter which expresses, among other things, how "very disappointed" Plaintiff is with the Court's April 12, 2007 Order, and the CD will be filed herein with no action or response taken by the Court. Plaintiff is directed to comply with Rule 5(a), FED.R.CIV.P., regarding all future pleadings, letters or other writings in this matter and to reflect such mailings on the pleading or document itself.

///

///

## MOTION FOR RECONSIDERATION

A motion to reconsider must provide a valid ground for reconsideration by showing two elements. *All Hawaii Tours Corp. v. Polunesian Cultural Ctr.*, 116 F.R.D. 645, 648-49 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (1988). First, it must demonstrate some valid reason why the Court should reconsider its prior decision. *Id.* Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Id.* Courts have distilled three (3) major grounds justifying reconsideration. They are: 1) an intervening change in the controlling law, 2) the availability of new evidence, and 3) the need to correct clear error or prevent manifest injustice. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987); *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir.1995), *cert. denied*, 516 U.S. 1029 (1995); *Kennedy v. Lubar*, 273 F.3d 1293, 1299, fn. 6 (10th Cir. 2001); See generally C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, §4478 at 790. A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion, nor new legal theories in place of the ones used earlier that did not prevail. *L.I. Head Start Child Development Services, Inc. v. Kearse*, 96 F.Supp.2d 209, 211 - 212 (E.D.N.Y.2000). "Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation, Inc. v. United States*, 2000 WL 1240196 at *1 (E.D.N.Y. 2000).

Plaintiff has provided no valid reason why the Court should reconsider its prior decision. The motion for reconsideration will be denied.

Accordingly,

**IT IS ORDERED** directing the Clerk to file the attached letter, motion for reconsideration and CD in the Court's file.

**IT IS FURTHER ORDERED** that the Clerk shall mail or electronically deliver a complete copy of this letter and motion for reconsideration to the *pro se* Plaintiff and all counsel of record.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

Dated this 2nd day of May, 2007.

                                            *Lawrence O. Anderson*
                                            Lawrence O. Anderson
                                            United States Magistrate Judge