**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Oliver, | No. CV-06-2429-PCT-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Mr. Chris Long,<br>Ms. Sandra Wagner, | |
| Defendants. | |

    The Court has received and considered Defendant Sandra Wagner's timely-filed Motion for Attorney Fees. (docket ## 35, 36) Defendant Chris Long has apparently elected not to seek an award of attorney's fees. See, Order (docket # 33), entered on April 12, 2007. No timely response in opposition has been filed by Plaintiff.

    In its order dismissing Plaintiff's lawsuit against Flagstaff Magistrate Sandra Wagner, the Court found that Plaintiff's lawsuit was frivolous "[e]ven though *pro se* litigants do not have the same training as an attorney and federal courts generally accord *pro se* litigants some measure of latitude." (docket # 33 at 11-12) The Court's April 12, 2007 Order pointed out that "[w]hen Plaintiff attempted to 'cancel his contracts and invisible attachments' with California DMV in 2004, Plaintiff received written notice by B. B. Jones' letter that such unilateral action was ineffective to relieve him of his legal responsibilities. "Whether your [driver's license] or vehicle registration are valid or cancelled or expired will not result in the removal of your name from department records, and will not relieve you of

your responsibilities under the law as a vehicle owner or driver." (docket # 1; 2nd Exhibit at 1) (emphasis added). The Court then found Plaintiff's Complaint to be frivolous within the meaning of Rule 11, FED.R.CIV.P., and gave each Defendant an opportunity to seek an award of reasonable attorney's fees, noting that "IFP litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). The Court had previously authorized Plaintiff to proceed *in propria persona*. (docket # 4)

Magistrate Wagner seeks an award of attorney's fees as the prevailing party in this § 1983 action and pursuant to Rule 11.  Pursuant to Title 42 U.S.C. §1988, a district court may award attorneys' fees to a prevailing defendant in a civil rights case if the plaintiff's claims are "unreasonable, frivolous, meritless, or vexatious." *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)); *Ellis v. Cassidy*, 625 F.2d 227, 230 (9th Cir. 1980).

In asserting his civil rights claim, Plaintiff sought "to recover damages [for] a violation of [his] Constitutional and Civil Rights." (docket # 1 at 1)  As set forth in the Court's April 12, 2007 Order, such allegations are insufficient as a matter of law to support a claim under § 1983. Further, had Plaintiff made a reasonable inquiry into the applicable facts and law before filing his case or heeded the advice given by B. B. Jones of California's DMV in 2004, he would have discovered the insufficiency of his civil rights claim. Moreover, even assuming Plaintiff cancelled his California driver's license, he never explained his absurd claim that somehow his cancellation of his California driver's license entitled him to operate a motor vehicle in Arizona with impunity without a valid Arizona driver's license.  Separate and apart from the issue of judicial immunity, Plaintiff's lawsuit against Magistrate Wagner was unreasonable, frivolous and meritless as to warrant sanctions under § 1988.

The Court finds upon its review of Exhibit A to the subject Motion, the amount of time spent for each legal task in each entry was reasonable; that the hourly rates for partner Kenneth H. Brendel ($150.00 per hour), associate Samantha B. Kelty ($135.00 per hour) and paralegal Cathy Rugg ($70.00) are very reasonable and consistent with the practice of law in the Flagstaff, Arizona legal community; and the mathematical calculation of the sum of $2,228.75 is accurate.

**IT IS ORDERED** that Defendant Sandra Wagner's Motion for Attorney Fees (docket ## 35, 36) is **GRANTED**. Defendant Sandra Wagner is hereby awarded her reasonable attorneys' fees in the sum of $2,228.75. Judgment shall be by a separate document.

Dated this 15th day of May, 2007.

Lawrence O. Anderson
United States Magistrate Judge